IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLERA CORPORATION, MDS INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS,<br>Plaintiffs,<br><br>vs.<br><br>THERMO ELECTRON CORPORATION,<br>Defendant. | Civil Action No: 04-1230<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND COUNTERCLAIMS OF THERMO ELECTRON CORPORATION

Thermo Electron Corporation ("Thermo") answers the allegations of the Complaint as follows:

### THE PARTIES

1. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Thermo admits the allegations in Paragraph 4 of the Complaint.

5. Thermo admits the allegations in Paragraph 5 of the Complaint.

1

## JURISDICTION

6. No answer is required to the allegations contained in Paragraph 6 of the Complaint, which merely state conclusions of law.

## BACKGROUND

7. Thermo admits that United States Patent No. 4,963,736 ("the '736 Patent"), entitled "Mass Spectrometer and Method and Improved Ion Transmission," was issued by the United States Patent and Trademark Office ("USPTO") on October 16, 1990 to Donald J. Douglas and John B. French. Thermo further admits that a copy of the '736 patent is attached to the Complaint as Exhibit A. Thermo denies that the '736 patent was duly and legally issued.

8. Thermo admits that on May 25, 1999, the USPTO issued Re-Examination Certificate B1 4,963,736, which Certificate purports to confirm the validity of all of the claims of the '736 patent. Thermo denies that the claims of the '736 patent are valid. Thermo admits that a copy of the Re-Examination Certificate B1 4,963,736 is attached to the Complaint as Exhibit B.

9. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Thermo admits the allegations in Paragraph 10 of the Complaint.

11. Thermo admits the allegations in Paragraph 11 of the Complaint.

12. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

## CLAIM FOR PATENT INFRINGEMENT

15. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Thermo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

17. Thermo admits the allegations in Paragraph 17 of the Complaint.

18. Thermo denies the allegations in Paragraph 18 of the Complaint.

19. Thermo denies the allegations in Paragraph 19 of the Complaint.

20. Thermo denies the allegations in Paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

21. Applera Corporation, MDS Inc., and Applied Biosystems/MDS Sciex Instruments ("Plaintiffs") are not entitled to any relief against Thermo because Thermo is not infringing and has not infringed any of the claims of the '736 patent.

## SECOND AFFIRMATIVE DEFENSE

22. One or more of the claims of the '736 patent are invalid under one or more sections of Title 35 of the U.S. Code, including without limitation, 35 U.S.C. §§ 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE

23. The '736 patent is unenforceable against Thermo because of waiver, estoppel, laches, or other applicable equitable doctrines.

RLF1-2856559-1

### FOURTH AFFIRMATIVE DEFENSE

24. Thermo, pursuant to 28 U.S.C. § 1498(a), is exempt from liability because and to the extent that an alleged invention described in and allegedly covered by the '736 patent is used or manufactured by or for the United States.

### FIFTH AFFIRMATIVE DEFENSE

25. Plaintiffs' claims are barred in whole or part by the doctrines of res judicata, claim preclusion, issue preclusion, collateral estoppel, and/or judicial estoppel.

### SIXTH AFFIRMATIVE DEFENSE

26. Plaintiffs are not entitled to recovery for any infringement committed more than six years prior to the filing of the Complaint in this Action, pursuant to 35 U.S.C. § 286.

### COUNTERCLAIMS

Counterclaim plaintiff Thermo Electron Corp. ("Thermo"), for its counterclaims against Applera Corporation ("Applera"), MDS Inc. ("MDS"), and Applied Biosystems/MDS Sciex Instruments ("Applied Biosystems/MDS Sciex") (collectively "counterclaim defendants"), alleges as follows:

### PARTIES

1. Thermo Electron is a Delaware corporation having a place of business at 81 Wyman Street, Waltham, MA 02454.

2. On information and belief, Applera is a Delaware corporation having a principal place of business at 301 Merritt 7, Norwalk, CT 06851.

3. On information and belief, MDS Inc. is a Canadian corporation having its principal place of business at 100 International Boulevard, Toronto, Ontario, Canada MNW 6J6.

4. On information and belief, Applera, through its subsidiary Applied Biosystems (Canada) Limited, and MDS, through its MDS Sciex Division, are general partners of Applied Biosystems/MDS Sciex Instruments.

5. On information and belief, Applied Biosystems/MDS Sciex Instruments is a Canadian partnership formed under the laws of the Province of Ontario, Canada and having a place of business at 71 Four Valley Drive, Ontario, Canada L4K 4V8.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

7. The counterclaim defendants are subject to personal jurisdiction in this District.

8. Venue for this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

9. Upon information and belief, MDS claims to be the owner of United States Patent No. 4,963,736 ("the '736 patent").

10. Upon information and belief, Applera and Applied Biosystems/MDS Sciex Instruments claim to be co-exclusive licensees of the '736 patent, and Applera claims to be, through its Applied Biosystems Group, the exclusive worldwide distributor of products manufactured by MDS that embody the invention of the '736 patent.

11. The counterclaim defendants have accused Thermo of infringement of the '736 patent.

12. The counterclaim defendants' accusations give rise to a case of actual controversy within the jurisdiction of this Court, pursuant to 28 U.S.C. § 2201 and 2202.

## COUNT ONE
(Non-infringement of the '736 Patent)

13. Thermo repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

14. Thermo is not infringing and has not infringed, directly, by inducement or contributorily, on any claim of the '736 patent.

15. To resolve the legal and factual questions raised by the counterclaim defendants and to afford relief from the uncertainty and controversy which the counterclaim defendants' accusations have precipitated, Thermo is entitled to a declaratory judgment that it does not infringe on any claim of the '736 patent.

## COUNT TWO
(Invalidity of the '736 patent)

16. Thermo repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

17. One or more claims of the '736 patent are invalid under one or more sections of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103, and 112.

18. To resolve the legal and factual questions raised by the counterclaim defendants and to afford relief from the uncertainty and controversy which the counterclaim defendants' accusations have precipitated, Thermo is entitled to a declaratory judgment that one or more claims of the '736 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Thermo Electron Corp. ("Thermo") requests entry of judgment in its favor and against Applera Corp. ("Applera"), MDS Inc. ("MDS"), Applied Biosystems/MDS Sciex Instruments ("Applied Biosystems/MDS Sciex") as follows:

A. Adjudge that Thermo has not infringed the '736 patent and/or that the '736 patent is invalid and/or unenforceable, and enter a declaratory judgment to that effect;

B. Dismiss the Complaint of Applera, MDS, and Applied Biosystems/MDS Sciex with prejudice, denying them all relief;

C. Enter an Order finding that this is an exceptional case and award Thermo its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

D. Award Thermo such other relief, including costs, as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Defendant Thermo Electron Corporation demands a trial by jury on all issues so triable.

OF COUNSEL:

William F. Lee
Wayne L. Stoner
Stephen M. Muller
Michael R. Dube
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: March 28, 2005

*Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
(Cottrell@RLF.com)
Kelly E. Farnan (#4395)
(Farnan@RLF.com)
Richard, Layton & Finger
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Thermo Electron Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered, to the following:

> Josy W. Ingersoll, Esquire
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE  19899

I hereby certify that on March 28 2005, I sent the foregoing document by Federal Express to the following non-registered participant:

> James Galbraith, Esquire
> Kenyon & Kenyon
> One Broadway
> New York, NY  10004

*Kelly E. Farnan*
Kelly E. Farnan (#4395)
(Farnan@RLF.com)

DATED: March 28, 2005