IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLERA CORPORATION, MDS INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS, | ) ) ) ) ) | |
|       Plaintiffs and<br>      Counter-Defendants, | ) ) ) | Civil Action No. 04-1230-GMS |
| v. | ) ) | |
| THERMO ELECTRON CORPORATION, | ) ) ) | |
|       Defendant and<br>      Counter-Plaintiff. | ) ) ) | |
| THERMO FINNIGAN LLC | ) ) ) | |
|       Plaintiff and<br>      Counter-Defendant, | ) ) ) | Civil Action No. 05-110-GMS |
| v. | ) ) | (Consolidated) |
| APPLERA CORPORATION, MDS, INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS, | ) ) ) ) ) | |
|       Defendants and<br>      Counter-Plaintiffs. | ) ) ) | |

**PROTECTIVE ORDER**

WHEREAS, each of the parties to the above captioned actions (the "Action") may seek discovery or documents, information or other materials which may contain or relate to confidential, proprietary, trade secrets, know-how or sensitive technical or financial information of another party or of a third party;

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action:

1. "CONFIDENTIAL Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory and interrogatory answer, request for admissions and/or production and response thereto, or other information provided in discovery in this Action ("Discovery Material"), which contains non-public, confidential or proprietary information, whether personal or business-related, trade secrets, know-how or sensitive technical information. Certain limited types of "CONFIDENTIAL Information" may be further designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL." The "HIGHLY CONFIDENTIAL" designation shall be reserved for Confidential Information that constitutes, reflects, or concerns sensitive technical information relating to products that have not been offered for sale, new inventions, source code, licenses, business, financial or commercial information, manufacturing costs, pending patent applications, customer lists and prospective business and marketing plans, and sales and marketing information. All such Confidential or Highly Confidential designations shall be made in good faith by the party making the confidential designations on Discovery Materials ("the Designating Party") and shall be made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is thereafter subject to the protections of this Protective Order and there shall be no liability for any interim disclosure in good faith. Designations of Confidential and Highly Confidential shall constitute a representation that such

Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

2. The designation of Discovery Material in the form of documents, requests for admissions and/or production, interrogatories and responses to any of the same, or other tangible materials (including without limitation computer discs, CD-ROMS and tapes) other than depositions or other pretrial testimony as Confidential Information or Highly Confidential Information shall be made by the Designating Party in the following manner:

a. Documents and discovery requests or responses designated "CONFIDENTIAL" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Confidential Information (or in the case of computer medium on its label and/or cover) to which the designation applies. In the case of discovery requests or responses, this designation shall also be conspicuously affixed on the first page and on any page containing such information. Documents so designated shall be identified by Bates number. To the extent practical, the Confidential legend shall be placed near the Bates number.

b. Documents and discovery requests or responses designated "HIGHLY CONFIDENTIAL" shall be so marked by conspicuously affixing the legend "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Highly Confidential Information (or in the case of computer medium on its label and/or cover) to which the designation applies. In the case of discovery requests or responses, this designation shall also be conspicuously affixed on the first page. Documents so designated shall be identified by Bates number. To the extent practical, the Highly Confidential legend shall be placed near the Bates number.

      c.     If a document or discovery request or response has more than one designation, the more restrictive or higher confidential designation applies.

      3.     Confidential Information and Highly Confidential Information shall not include any Discovery Materials which:

      a.     Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement or order, in which case the Receiving Party may continue to use such documents in the course of business subject to those agreements or orders.

      b.     Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

      c.     Have been or are lawfully obtained by the Receiving Party from a person or entity lawfully possessing and having the right to disclose such Discovery Materials.

      4.     Subject to paragraphs 5 and 6 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "CONFIDENTIAL Information" under this Protective Order, in this Action are:

      a.     Kenyon & Kenyon and Young, Conaway, Stargatt & Taylor, LLP, the attorneys of record for Applera Corporation, MDS Inc., and Applied Biosystems/MDS Sciex Instruments (collectively, "AB/Sciex"), and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

b. Wilmer, Cutler, Pickering, Hale and Dorr LLP and Richards, Layton & Finger, the attorneys of record for Thermo Electron Corporation and Thermo Finnigan LLC (collectively, "Thermo"), and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

c. For each party, up to four (4) employees to be identified in accordance with the provisions of paragraph 6 of this Protective Order who have responsibility for maintaining, defending or evaluating this litigation. For purposes of this paragraph and paragraph 6, AB/Sciex will be considered to be a single party; and Thermo will be considered to be a single party. Specifically, the parties have agreed as follows: for AB/Sciex, the four employees are: Diane Yee, Andrew Karnakis, Kurtis MacFerrin, and Paul Grossman. For Thermo, the four employees are: Seth Hoogasian, Jo Ann Kaplan, Peter Lee, and James Hurst.

d. Retained independent consultants or experts for the parties (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation;

e. The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

f. Outside document copying services, and/or document coding or computerization services, graphics consultants and jury consultants (hereinafter "litigation support services"). Notwithstanding any other provision of this Protective Order, access to Confidential and Highly Confidential documents shall be permitted to such vendors, without need for the execution of Exhibit A. For purposes of this paragraph 4(f), "document" refers to paper documents, video tapes, CD-ROMs, computer discs, and other similar media, but excludes

models or similar physical renderings. The outside counsel providing Confidential or Highly Confidential documents to litigation support services shall be responsible for that service's compliance with the provisions of this Protective Order.

5. Any Highly Confidential Information designated under this Protective Order shall be treated the same as Confidential Information for purposes of Paragraph 4 of this Protective Order, with the exception that there shall be no access by Qualified Persons pursuant to paragraph 4(c) of this Protective Order to Highly Confidential Information.

6. Subject to paragraph 5 of this Protective Order, Qualified Persons defined in paragraph 4(c) shall be allowed access to Confidential Information and Qualified Persons defined in paragraph 4(d) shall be allowed access to Confidential Information or Highly Confidential Information, only after complying with the following procedure:

   a. A party desiring to disclose Confidential Information or Highly Confidential Information to such a person shall provide written notice to the Designating Party identifying the person (and for persons retained under paragraph 4(d), provide a curriculum vitae and a list of previous consulting engagements for the last four (4) years). Unless within seven (7) business days after the identity of the person has been provided to the Designating Party, the Designating Party objects to the disclosure of Confidential Information or Highly Confidential Information to that person, disclosure may be made to that person. If objection to disclosure is made within the seven (7) business days, the objecting party shall, no later than five (5) business days after objection, petition the Court for an order prohibiting the disclosure at issue. The objecting party shall have the burden of persuasion that disclosure should not be made. If an objection is made, no Confidential Information or Highly Confidential Information shall be made

available to the particular person until after the Court rules that disclosure can be made, so long as the objection is followed by a timely petition.

      b.    Before receiving any Confidential Information or Highly Confidential Information, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the Confidentiality Undertaking attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.

      c.    Outside counsel for each Receiving Party shall retain a copy of each executed Confidentiality Undertaking (Exhibit A) and shall serve opposing counsel with a copy of such within five (5) days of its execution.

      7.    Confidential Information and Highly Confidential Information, and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this Action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted by paragraphs 4-6 of this Protective Order. Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel. It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his evaluation of information designated as Confidential or Highly Confidential produced by the opposing party provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with opposing counsel. The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall

exercise best efforts to ensure that the information and documents governed by this Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to Qualified Persons.

8. Any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

9. If Confidential Information or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential or Highly Confidential Information, and make every reasonable effort to retrieve such Confidential or Highly Confidential Information and to prevent further disclosure.

10. When Confidential Information or Highly Confidential Information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 4-6 of this Protective Order to have access to such Information are present. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential or Highly Confidential Information, counsel may designate on the record at the time of such disclosure that the disclosure is Confidential or Highly Confidential. Whenever matter designated as Confidential or Highly Confidential is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may have excluded from the room any

person who is not entitled under this Protective Order to receive information designated as Confidential or Highly Confidential.

11. During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face suggest that they were authored or received in the normal course of business and outside the context of this litigation by the deponent/witness. Use of Confidential Information or Highly Confidential Information during a deposition shall be subject to compliance with this Order.

12. Any deposition transcript containing Confidential Information or Highly Confidential Information shall be marked on the cover as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," as appropriate, and shall indicate as appropriate within the transcript what information has been so designated. Whenever possible, the stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to believe the testimony will contain Confidential or Highly Confidential Information) or when the Confidential Information or Highly Confidential Information is disclosed (when not previously anticipated) to separate those portions of the transcript containing confidential information or Highly Confidential Information, and separately bind it from the non-confidential or non-attorneys' eyes only portions. However, a party may designate any portion or all (if appropriate) of the transcript as containing Confidential Information or Highly Confidential Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so

designated, or by so advising all other parties in writing, and with page and line designations, within fifteen (15) business days after receipt of the transcript. Until fifteen (15) business days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Highly Confidential. In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL," whichever protection is being sought, until this Court rules otherwise.

13. Any pleading, paper or other document filed in this Action which contains or discloses Confidential Information or Highly Confidential Information shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court. When filing pleadings, papers or other documents which contain Confidential Information or Highly Confidential Information, the party so filing shall designate the following on the first page of filed documents: "UNDER SEAL—SUBJECT TO PROTECTIVE ORDER CONTAINS CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION" and shall otherwise comply with the Court's order on the subject.

14. Entering into, agreeing to and/or producing or receiving Confidential Information or Highly Confidential Information under or otherwise complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any party that any Discovery Material designated as Confidential Information or Highly Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b. Prejudice in any way the rights of any party to object to the production of documents or things it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information or Highly Confidential Information;

c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

d. Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information or Highly Confidential Information should be subject to the terms of this Protective Order;

e. Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information;

f. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information or Highly Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

g. Prevent any Designating Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential Information or Highly Confidential Information by that party.

15. The signing of this Protective Order or failure of a party at the time it receives Discovery Materials designated as Confidential Information or Highly Confidential

Information to challenge or object to the Confidential or Highly Confidential designations shall not be deemed a waiver of its right to challenge or object to the Confidential or Highly Confidential designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as Confidential or Highly Confidential and may request permission to use or disclose information with Confidential or Highly Confidential designations other than as permitted by serving (by facsimile transmission) a written request upon counsel for the Designating Party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted. Such request shall specifically identify the Confidential Information, or Highly Confidential Information, including Bates label, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

16.  Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party asserting confidentiality shall have the burden of proving that the information at issue is entitled to the protection of this Protective Order.

17.  All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have

executed Confidentiality Undertaking pursuant to paragraph 6 of this Protective Order, after the conclusion of this Action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of Discovery Materials designated Confidential or Highly Confidential shall, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this Action, or, at the option of the producing party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one archival copy of each document and thing which contains Confidential Information or Highly Confidential Information. In the event that documents are returned to or destroyed at the request of the producing party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

18. A party or any Qualified Person under paragraphs 4(a)-(f) shall not disclose material containing any type of Confidential Information or Highly Confidential Information to any non-party or any other person not otherwise qualified to receive such information under this Order absent subpoena or court order. Upon receipt of any subpoena for such information, the party or person receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests.

19. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall

immediately notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be kept by counsel for the Receiving Party and counsel shall not use such information for any purpose until further Order of the Court or expiration of the 10-day period described *infra*. The party producing such material may then move the court for an Order compelling return of the material. Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information. If the producing party has not moved the Court within 10 business days of its notice to the Receiving Party, the Receiving Party may resume its proper use of such information until such time as the producing party moves the Court. Such interim use shall be consistent with the terms of this Protective Order.

20. Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

21. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

22. Third parties who produce information in this Action may avail themselves of the provisions of this Protective Order and Discovery Material produced by third parties shall then be treated by the parties in conformance with this Protective Order.

23. The references to "AB/Sciex" and "Thermo" in this Protective Order are for convenience and are of no significance for other purposes, including, for example, determining trial presentation order.

24. By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order that may be subject to a motion to disclose another party's information designated confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

25. The Court retains Jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

Dated: June 21, 2005            By: _____
                                Josy W. Ingersoll (# 1088)
                                Adam W. Poff (#3990)
                                YOUNG CONAWAY STARGATT
                                & TAYLOR, LLP
                                The Brandywine Building
                                1000 West Street, 17th Floor
                                P.O. Box 391
                                Wilmington, DE 19899-0391
                                (302) 571-6672

                                Walter E. Hanley, Jr.
                                James Galbraith
                                Lewis V. Popovski
                                Jeffrey S. Ginsberg
                                Huiya Wu
                                KENYON & KENYON
                                One Broadway
                                New York, New York 10004
                                212-425-7200

                                Attorneys for Applera Corporation, MDS Inc.,

and Applied Biosystems/MDS Sciex Instruments

Dated: June 21, 2005              By:  *Kelly E. Farnan*
                                       Frederick L. Cottrell, III (#2555)
                                       Kelly E. Farnan (#4395)
                                       RICHARDS LAYTON & FINGER
                                       One Rodney Square
                                       920 N. King Street
                                       P.O. Box 551
                                       Wilmington, Delaware 19899
                                       (302) 651-7700

                                       William F. Lee
                                       Wayne L. Stoner
                                       Stephen M. Muller
                                       Michael R. Dube
                                       WILMER CUTLER PICKERING HALE and
                                       DORR LLP
                                       60 State Street
                                       Boston, Massachusetts 02109
                                       (617) 526-6000

                                       Attorneys for Thermo Electron Corporation and
                                       Thermo Finnigan LLC

IT IS SO ORDERED this ___ day of _____, 2005.

_____
United States District Judge

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLERA CORPORATION, MDS INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS, | ) ) ) ) ) | |
| Plaintiffs and Counter-Defendants, | ) ) ) | Civil Action No. 04-1230-GMS |
| v. | ) ) | |
| THERMO ELECTRON CORPORATION, | ) ) ) | |
| Defendant and Counter-Plaintiff. | ) ) ) | |
| THERMO FINNIGAN LLC | ) ) ) | |
| Plaintiff and Counter-Defendant, | ) ) ) | Civil Action No. 05-110-GMS |
| v. | ) ) | (Consolidated) |
| APPLERA CORPORATION, MDS, INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS, | ) ) ) ) ) | |
| Defendants and Counter-Plaintiffs. | ) ) ) | |

**CONFIDENTIALITY UNDERTAKING**

I certify that I have read the Protective Order in the above-captioned case and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order,

992500v1
US1DOCS 5159757v1

and I agree to comply with those terms. I understand in particular that I may not use Confidential or Highly Confidential information outside the litigation, for example (but without limitation) in the course of preparing or prosecuting patent applications. I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order.

EXECUTED this ___ of _____ 200__, at _____.

_____

Name

_____

Affiliation

_____

Business Address

_____