# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JOSY W. INGERSOLL
DIRECT DIAL: 302.571.6672
DIRECT FAX:  302.576.3301
jingersoll@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

August 19, 2005

**By CM/ECF**

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    Applera Corp., et al. v. Thermo Electron Corp.
              Civil Action No. 04-1230-GMS

Dear Judge Sleet:

      We, along with our co-counsel Kenyon & Kenyon, represent plaintiffs Applera Corporation, MDS Inc. and Applied Biosystems/MDS Sciex Instruments (collectively "AB/Sciex") in the above-captioned matter. We submit this letter agenda in advance of the discovery dispute conference call which we requested and which is scheduled for Tuesday, August 23, 2005.[1]

      The subject of the call is discovery concerning Thermo's LTQ series mass spectrometer systems. On May 10, 2005, AB/Sciex served its first set of discovery requests in which it requested various categories of information concerning mass spectrometer systems that it identified in its requests as "Accused Mass Spectrometer Systems," including the LTQ series systems. On June 16, 2005, Thermo served responses to AB/Sciex's requests in which it objected to providing any discovery regarding the LTQ instruments on the basis of lack of relevance. Prior to lodging its objection, Thermo had received from AB/Sciex detailed element-by-element claim charts setting forth AB/Sciex's position as to how the features and manner of operation of the LTQ instruments correspond to the limitations of the claims of the patent in suit.

      As AB/Sciex understands it, Thermo contends that it need not provide the requested discovery because the LTQ instruments do not infringe the patent in suit. Thermo position is that its LTQ instruments include a component called an "ion trap" and that based on

---

[1] AB/Sciex notes that it sought to bring this dispute to Your Honor's attention when it first arose. Thermo initially indicated that it would be available for a conference call during the second week of July. However, it subsequently informed AB/Sciex that it would not be able to proceed with the conference call because its lead counsel, Wayne Stoner, was unavailable until after August 1. Accordingly, AB/Sciex agreed to postpone the call for first day in August that the Court was available.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
August 19, 2005
Page 2

the plain meaning of the claim language, the prosecution history, and a ruling by the Court in the prior *Micromass* litigation,[2] the claims of the patent in suit do not cover such a component. AB/Sciex, disagrees with Thermo's position on the merits. AB/Sciex contends that although arguments were made concerning prior art ion trap structures during the reexamination of the patent in suit and there was a ruling by the Court in the *Micromass* litigation that prosecution history estoppel precluded expansion of the claims to cover those prior art structures under the doctrine of equivalents, the component at issue in the LTQ instruments, called a "linear ion trap," is materially different from the prior art ion trap structures. In fact, AB/Sciex contends that the linear ion trap in the LTQ series literally meets the relevant limitations of the claims. In any case, AB/Sciex submits that the fact that Thermo disagrees with AB/Sciex's position on the merits is not a basis for refusing discovery.

   We look forward to discussing this issue with the Court next Tuesday.

              Respectfully submitted,

              */s/ Josy W. Ingersoll by /s/ John Shaw*

              Josy W. Ingersoll (#1088)

JWI:cg
cc: Clerk of the Court (by CM/ECF)
   Frederick L. Cottrell, III, Esquire (by electronic transmission)
   Wayne L. Stoner, Esquire (by electronic transmission)
   Jeffrey S. Ginsberg, Esquire (by electronic transmission)

---

[2] *Applera Corp. v. Micromass UK Ltd.,* 186 F. Supp. 2d 487 (D. Del. 2002).