# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

APPLERA CORPORATION, MDS INC., AND
APPLIED BIOSYSTEMS/MDS SCIEX
INSTRUMENTS

V.

THERMO ELECTRON CORPORATION

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 04-1230-GMS (Delaware)

TO:    Waters Corporation
       34 Maple Street
       Milford, MA 01757

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   See Schedule A Attached

| PLACE   Wilmer Cutler Pickering Hale and Dorr LLP
         60 State Street
         Boston, MA 02109 | DATE AND TIME

10/3/05 - 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE
8-25-05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Stephen M. Muller, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 (617) 526-6000

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

APPLERA CORPORATION, MDS INC., and
APPLIED BIOSYSTMES/MDS SCIEX
INSTRUMENTS
V.

THERMO ELECTRON CORPORATION

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 04-1230-GMS (Delaware)

TO: Latham & Watkins, LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

See Schedule A Attached

| PLACE | DATE AND TIME |
| --- | --- |
| Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109 | 10/3/05 - 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 8-25-05

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Stephen M. Muller, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 (617) 526-6000

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF ____Massachusetts____

APPLERA CORPORATION, MDS INC., and
APPLIED BIOSYSTMES/MDS SCIEX
INSTRUMENTS
　　　　　V.

THERMO ELECTRON CORPORATION

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 04-1230-GMS (Delaware)

TO: Pillsbury Winthrop Shaw Pittman, LLP
1650 Tysons Boulevard
McLean, VA 22102-4859

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A Attached

| PLACE | DATE AND TIME |
|---|---|
| Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109 | 10/3/05 - 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)　　　DATE: 8-25-05

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen M. Muller, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 (617) 526-6000

# SCHEDULE A

# DEFINITIONS AND INSTRUCTIONS

1. The term "document" is used herein in the broadest sense permitted by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District from which this Subpoena has issued. In particular, it means the original and all non-identical copies and drafts thereof of any tangible or intangible item from which information can be derived or discerned, and specifically includes all forms of electronic data and other information stored on electronic media in the possession, custody or control of the subpoenaed party.

2. If any document responsive to any of these Requests is claimed to be privileged or otherwise protected from discovery, then for each such document, provide the information required by Fed. R. Civ. P. 26(b)(5).

3. If no documents exist that are responsive to a particular Request, state that no documents exist.

4. All use of language in these Document Requests that appear in the conjunctive form specifically includes the disjunctive form, and vice versa. All words which are used in their singular form include the plural form, and vice versa. The past tense shall be construed to include the present tense, and vice versa.

5. The term "Micromass Litigation" refers to the litigation between plaintiffs Applera Corporation, MDS, Inc., and Applied Biosystems/MDS Sciex and Defendants Micromass UK Ltd. and Micromass, Inc. in the United States District Court for the District of Delaware under the case number 00-105. The term "Micromass Litigation" includes any and all appeals.

6. The term "Micromass Plaintiff" refers to any party that was a plaintiff in the Micromass Litigation, together with any of its past or present officers, directors, principals, agents, employees, attorneys, representatives, partners, predecessors, subsidiaries, affiliates, divisions, or departments. This includes without limitation Applera Corporation, MDS, Inc., and Applied Biosystems/MDS Sciex

7. The term "'736 patent" means United States Patent No. 4,963,736.

8. The term "Micromass" means Micromass UK Ltd. and Micromass, Inc., and any of their past or present officers, directors, principals, agents, employees, attorneys, representatives, partners, predecessors, subsidiaries, affiliates, divisions, or departments. The term "Micromass" includes, without limitation, Waters Corporation.

9. The term "Waters" means Waters Corporation and any of its past or present officers, directors, principals, agents, employees, attorneys, representatives, partners,

4

predecessors, subsidiaries, affiliates, divisions, or departments. The term "Waters" includes, without limitation, Micromass.

# DOCUMENT REQUESTS

1. All documents concerning the validity or invalidity of the '736 patent, including without limitation such documents from the Micromass Litigation as expert reports, briefs and memoranda filed with the court, interrogatory answers, deposition testimony, deposition exhibits, trial testimony, trial exhibits, appellate papers or transcripts, correspondence, lists of prior art, and § 282 filing.

2. To the extent not duplicative of previous requests, all prior art or potential prior art to the '736 patent, including any analysis of such art.

3. All documents concerning the enforceability or unenforceability of the '736 patent including without limitation such documents from the Micromass Litigation as expert reports, briefs and memoranda filed with the court, interrogatory answers, deposition testimony, deposition exhibits, trial testimony, trial exhibits, appellate papers or transcripts, and correspondence. This request seeks, without limitation, all documents concerning any actual or potential inequitable conduct, prosecution laches, or any equitable defense.

4. All documents constituting or concerning the construction by the court in the Micromass Litigation of the claims of the '736 patent, including without limitation expert reports, briefs and memoranda filed with the court, interrogatory answers, deposition testimony, deposition exhibits, trial testimony, trial exhibits, appellate papers or transcripts, and correspondence.

5. To the extent not encompassed by the categories above, all documents constituting or concerning any position of any Micromass Plaintiff regarding the validity, invalidity, infringement, noninfringement, enforceability, or nonenforceability of the '736 patent.

6. All documents and things concerning the reexamination of the '736 patent.

7. To the extent not already requested, all documents and things concerning the '736 patent.

8. All documents constituting or concerning licenses, covenants not to sue, and/or any agreement of any kind that concerns the '736 patent as between and/or among any Micromass Plaintiff and Micromass and/or Waters. This request is intended to cover not only actual licenses/agreements but also all <u>negotiations</u> concerning any actual or potential license/agreement.