## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

APPLERA CORPORATION, MDS INC.,
and APPLIED BIOSYSTEMS/MDS SCIEX
INSTRUMENTS,

        Plaintiffs,

   v.

THERMO ELECTRON CORPORATION,

        Defendant.

Civil Action No. 04-1230-GMS

---

### AB/SCIEX'S ANSWERING BRIEF IN OPPOSITION TO
### THERMO ELECTRON CORPORATION'S MOTION FOR LEAVE TO FILE
### AMENDED ANSWER AND COUNTERCLAIMS

October 24, 2005

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6672

*Attorneys for Plaintiffs Applera Corp.,*
*MDS, Inc., and Applied Biosystems/*
*MDS Sciex Instruments*

Of Counsel:

Walter E. Hanley, Jr.
James Galbraith
Lewis V. Popovski
Jeffrey S. Ginsberg
Mark A. Chapman
Huiya Wu
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDING ................................................................. 1

SUMMARY OF ARGUMENT ................................................................................... 1

ARGUMENT ............................................................................................................... 3

I.  Leave To Amend Should Be Denied Where the Proposed
    Amendment Would Be Futile ................................................................. 3

II.  Thermo's Proposed Amendments To Add Patent Misuse Are Futile ......... 3

    A.  Patent Misuse Requires Proof of Enforcement of a Patent
       with Knowledge That the Accused Infringer Does Not
       Infringe ..................................................................................... 3

    B.  Thermo's Proposed Amendment To Add Patent Misuse Is
       Futile Because Thermo Has Not Pled Facts Which Could
       Establish That AB/Sciex Enforced the '736 Patent with
       Knowledge That Thermo Does Not Infringe ................................... 6

    C.  The Parties' Disagreements about Claim Scope  and
       Infringement Cannot Be the Basis for a Patent Misuse
       Defense ..................................................................................... 8

    D.  Thermo's Patent Misuse Defense Is Legally Unsupported
       and Futile To the Extent That It Is Based Solely on
       AB/Sciex's Allegedly "Inconsistent" Statements about the
       Scope of the '736 Patent ............................................................ 10

III.  Thermo's Proposed Amendments To Add Unclean Hands and
    Equitable Estoppel Defenses Are Also Futile ........................................... 12

    A.  Thermo's Unclean Hands and Equitable Estoppel Defenses
       Are Based Entirely on Its Futile Patent Misuse Defense .............. 12

    B.  Thermo's Equitable Estoppel Defense Is Also Futile
       Because Thermo Has Not Pled the Elements of That
       Defense ................................................................................... 12

CONCLUSION ........................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
 960 F.2d 1020 (Fed. Cir. 1992)............................................................................12

*Advanced Cardiovascular Systems, Inc. v. Scimed Systems, Inc.*,
 No. C-96-0950-DLJ,
 1996 U.S. Dist. LEXIS 11702 (N.D. Cal. July 24, 1996).................4, 5, 6, 7, 8, 10

*Applera Corp. v. Micromass UK Ltd.*,
 204 F. Supp. 2d 724 (D. Del. 2002), *aff'd*, 60 F. App'x 800,
 2000 U.S. App. LEXIS 6690 (Fed. Cir. Mar. 11, 2003).........................................8

*Brown v. Philip Morris Inc.*,
 250 F.3d 789 (3d Cir. 2001)...................................................................................3

*C.R. Bard, Inc. v. M3 Sys., Inc.*,
 157 F.3d 1340 (Fed. Cir. 1998)....................................................................4, 5, 10

*Cummins-Allison Corp. v. Glory Ltd.*,
 No. 02 C 7008,
 2003 WL 22169756 (N.D. Ill. Sept. 18, 2003) ...................................................8, 10

*Foman v. Davis*,
 371 U.S. 178 (1962)................................................................................................3

*Glaverbel S.A. v. Northlake Mktng. & Supply, Inc.*,
 45 F.3d 1550 (Fed. Cir. 1995).......................................................................4, 5, 10

*Hishon v. King & Spalding*,
 467 U.S. 69 (1984)..................................................................................................3

*Hoffman La Roche Inc. v. Genpharm Inc.*,
 No. Civ. 98-1124 (WHW),
 2000 U.S. Dist. LEXIS 8128 (D. N.J. May 3, 2000) ..............................................4

*In re Burlington Coat Factory Sec. Litig.*,
 114 F.3d (3d Cir. 1997)...........................................................................................3

*In re NAHC, Sec. Litig.*,
 306 F.3d 1314 (3d Cir. 2002)..................................................................................3

*McKesson Information Solutions, LLC v. Trizetto Group, Inc.*,
 No. Civ. 04-1258-SLR,
 2005 WL 914776 (D. Del. Apr. 20, 2005)....................................................4, 8, 10

*Raines v. Switch Mfg.*,
    No. C-96-2648-DLJ,
    1997 U.S. Dist. LEXIS 13621 (N.D. Cal. July 28, 1997)................................6, 7, 8

*U.S. Philips Corp.  v. Int'l Trade Comm'n*,
    ___ F.3d ___ (Fed. Cir. 2005),
    No. 04-1361, 2005 U.S. App. LEXIS 20202 (Fed. Cir. Sept. 21, 2005) .................8

*Virginia Panel Corp. v. MAC Panel Co.*,
    133 F.3d 860 (Fed. Cir. 1997)..................................................................................5

## Statutes and Rules

35 U.S.C. § 271(d)(3) (2005) ......................................................................................5, 10

Fed. R. Civ. P. 12(b)(6).................................................................................................3, 6

Plaintiffs Applera Corporation, MDS Inc., and Applied Biosystems/MDS Sciex Instruments (collectively, "AB/Sciex") respectfully submit this answering brief in opposition to Thermo Electron Corporation's ("Thermo") Motion For Leave To File Amended Answer and Counterclaims. (D.I. 46.)

## NATURE AND STAGE OF PROCEEDING

On September 7, 2004, AB/Sciex filed its complaint in this patent infringement action against Thermo alleging infringement of U.S. Patent No. 4,963,736 ("the '736 patent"). (D.I. 1.) The '736 patent was found valid, infringed and not procured by inequitable conduct by this Court in prior litigation against another party and the judgment was affirmed by the Federal Circuit. In its answer, Thermo asserted the standard defenses and counterclaims of noninfringement and invalidity, along with a litany of other defenses, including res judicata, claim preclusion, issue preclusion, collateral estoppel and judicial estoppel. (D.I. 17.) Fact discovery is ongoing and is scheduled to close on March 17, 2006.

Thermo has now moved for leave to amend its pleadings to add a defense and counterclaim that the '736 patent is unenforceable under the equitable doctrine of patent misuse. (D.I. 46, Thermo Motion, Ex. A ("Proposed Amendment") ¶¶ 27-53.) Thermo also seeks to add defenses of unclean hands and equitable estoppel based on the same alleged patent misuse. (*Id.* ¶ 25.)

## SUMMARY OF ARGUMENT

The Court should deny Thermo's motion for leave to amend since Thermo's proposed amendments are futile because they do not plead facts which if proven true could establish the defense of patent misuse. Patent misuse requires proof that the patentee enforced the patent in bad faith and with an improper and anticompetitive effect

or purpose.  In particular, to prove the bad faith element of patent misuse here, Thermo

would need to prove that AB/Sciex enforced the '736 patent against Thermo with

knowledge that Thermo does not infringe.  Since Thermo has not pled any facts which if

proven true could establish such knowledge, Thermo's proposed amended pleading does

not plead facts which could establish patent misuse and is therefore futile.

     Indeed, Thermo could not have pled, and cannot plead, facts which could

establish such knowledge because there is no basis for doing so.  The '736 patent has

already been adjudicated valid and enforceable.  AB/Sciex believed in good faith when it

filed this suit and continues to believe in good faith that Thermo infringes.  Thermo has

no basis for alleging otherwise.  The fact that Thermo contends that its products do not

infringe because it disagrees with AB/Sciex about the scope of the patent does not

differentiate this case from any other patent case.  Absent an assertion of infringement

knowing that the assertion is false, there is no basis for a patent misuse defense.  Thermo

does not and cannot allege that AB/Sciex knows its infringement allegations to be false.

     Finally, to the extent that Thermo contends that AB/Sciex has committed patent

misuse merely by taking allegedly inconsistent positions about the scope of the '736

patent, its proposed amendment would still be futile because that theory is not legally

supported.  Thermo has not cited any authority for the proposition that a patentee

commits patent misuse by taking inconsistent positions regarding the scope of a patent.

In the absence of any authority to support such a novel patent misuse theory, Thermo's

proposed amendment would be futile.

     Since Thermo's proposed amendment would be futile, leave to amend should be

denied with prejudice.

**ARGUMENT**

**I.     Leave To Amend Should Be Denied Where the Proposed Amendment Would Be Futile**

A Court may exercise its discretion to deny leave to amend where a proposed amendment to the pleadings would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment would be futile if the amended pleading fails to state a claim or defense upon which relief could be granted. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (citations omitted). In evaluating futility, the Court must apply the same standard of legal sufficiency that applies to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Therefore, the Court "must accept as true all of the factual allegations in the [pleading] as well as the reasonable inferences that can be drawn from them." *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001) (citations omitted). An amendment would be futile "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In sum, leave to amend should be denied where the amended pleading does not allege facts which if proven true could establish the claim or defense.

**II.     Thermo's Proposed Amendments To Add Patent Misuse Are Futile**

**A.     Patent Misuse Requires Proof of Enforcement of a Patent with Knowledge That the Accused Infringer Does Not Infringe**

Patent misuse is an equitable defense to patent infringement arising from the doctrine of unclean hands. It is used to describe a "catalog of practices" by which a patentee uses patent rights "to obtain or to coerce an unfair commercial advantage" by

3

"extend[ing] the economic effect beyond the scope of the patent grant." *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372-73 (Fed. Cir. 1998). The "classic grounds" of patent misuse include tying, enforced package licensing, price restraints, and extended royalty terms. *Id.* at 1373.

Another practice which may constitute patent misuse is enforcement of a patent in bad faith and with an improper and anticompetitive effect or purpose. *See McKesson Information Solutions, LLC v. Trizetto Group, Inc.*, No. Civ. 04-1258-SLR, 2005 WL 914776, at *2 n.2 (D. Del. Apr. 20, 2005) (Ex. A) ("There is a two part test for patent misuse that requires the party alleging misuse to show a patentee's bad faith in alleging infringement and an anticompetitive effect or purpose behind the allegation." (citing *Glaverbel S.A. v. Northlake Mktng. & Supply, Inc.*, 45 F.3d 1550, 1558 (Fed. Cir. 1995); *Advanced Cardiovascular Systems, Inc. v. Scimed Systems, Inc.*, No. C-96-0950-DLJ, 1996 U.S. Dist. LEXIS 11702, at *4 (N.D. Cal. July 24, 1996) (Ex. B)).

Thermo apparently seeks leave to amend to allege this type of patent misuse based on AB/Sciex's alleged bad faith enforcement of the '736 patent with an improper anticompetitive effect or purpose. However, for the enforcement of a patent to be made in bad faith for purposes of patent misuse, the patentee must enforce the patent with knowledge that the patent is not infringed, or is invalid, or is unenforceable. *See Advanced Cardiovascular*, 1996 U.S. Dist. LEXIS 11702, at *9 ("[T]he crux of this [patent misuse] defense is that [the patentee] knew the patent was invalid or unenforceable at the time it filed this action."); *see also Hoffman La Roche Inc. v. Genpharm Inc.*, No. 98-1124 (WHW), 2000 U.S. Dist. LEXIS 8128, at *8 (D.N.J. May 3, 2000) (Ex. C) ("A claim for patent misuse includes 'bringing suit to enforce a patent with

4

knowledge that the patent is invalid or not infringed, and the litigation is conducted for anticompetitive purposes.'").

Absent such bad faith, the enforcement of a patent cannot constitute patent misuse. *Glaverbel*, 45 F.3d at 1558 ("The bringing of a lawsuit to enforce legal rights does not of itself constitute violation of the antitrust laws or patent misuse; there must be bad faith and improper purpose in bringing the suit, in implementation of an illegal restraint of trade."); *see also C.R. Bard*, 157 F.3d at 1373 ("It is not patent misuse to bring suit to enforce patent rights not fraudulently obtained . . . ."); *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 870 (Fed. Cir. 1997) (holding that allegations of patent infringement "did not constitute patent misuse because [patentee] had a good faith belief that those it notified were using a device that infringed the '005 patent."). In fact, Congress has specifically provided in the patent statute that merely enforcing a patent cannot constitute patent misuse:

> No patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having . . . sought to enforce his patent rights against infringement or contributory infringement.

35 U.S.C. § 271(d)(3); *see also Advanced Cardiovascular*, 1996 U.S. Dist. LEXIS 11702, at *8-9 ("Under 35 U.S.C. § 271(d), a patent owner cannot be denied relief or found guilty of misuse simply by reason of seeking to enforce his or her patent."). Indeed, the enforcement of a patent is presumed to be made in good faith. *C.R. Bard*, 157 F.2d at 1369 ("The law recognizes a presumption that the assertion of a duly granted patent is made in good faith; this presumption is only overcome by affirmative evidence of bad faith." (citations omitted)).

**B.      Thermo's Proposed Amendment To Add Patent Misuse
         Is Futile Because Thermo Has Not Pled Facts Which
         Could Establish That AB/Sciex Enforced the '736 Patent
         with Knowledge That Thermo Does Not Infringe**

Thermo's proposed amendments are futile because Thermo has not pled facts

which if proven true could establish patent misuse. Thermo has pled in a conclusory

manner that AB/Sciex allegedly has enforced the '736 patent in "bad faith" and in a

manner which allegedly is "inconsistent" with certain statements made during the

reexamination and certain rulings in the prior Micromass litigation. (D.I. 46, Proposed

Amendment ¶¶ 28-53.) However, Thermo has not pled any facts which if proven true

could establish that AB/Sciex sought to enforce the '736 patent with knowledge that

Thermo does not infringe.

This failure is fatal to Thermo's motion for leave to amend. By failing to plead

facts which if proven true could establish bad faith, Thermo's proposed amendments do

not plead facts which could establish all the elements of a patent misuse defense and

therefore are futile under the sufficiency standard of Rule 12(b)(6). *See Raines v. Switch

Mfg.*, No. C-96-2648-DLJ, 1997 U.S. Dist. LEXIS 13621, at *14 (N.D. Cal. July 28,

1997) (Ex. D) (dismissing counterclaim and striking defense of patent misuse because

defendant did not plead facts which could establish knowledge of unenforceability);

*Advanced Cardiovascular*, 1996 U.S. Dist. LEXIS 11702, at *10-14 (striking patent

misuse defense with prejudice where defendant did not plead facts which could establish

knowledge of invalidity or unenforceability).

Both *Advanced Cardiovascular* and *Raines* are instructive. In *Advanced

Cardiovascular*, the defendant Scimed pled that the patent-in-suit was "unenforceable

under the doctrine of patent misuse." *Advanced Cardiovascular*, 1996 U.S. Dist. LEXIS

11702, at *8.  Although the Court noted that "the crux of this [patent misuse] defense is that ACS [the patentee] knew the patent was invalid or unenforceable at the time it filed this action[,]" it found that Scimed had failed in its pleading to "provide some factual basis for the allegation that plaintiff knew the patent was invalid or unenforceable when plaintiff filed the present action." *Id.* at *9-10.  Accordingly, the Court struck the patent misuse defense with prejudice because it "fail[ed] to state a cognizable claim of patent misuse." *Id.* at *14.

In *Raines*, the defendant Switch Manufacturing pled that the plaintiff Preston Binding had committed patent misuse by seeking "to acquire and enforce [the patent] for the sole and improper purpose" of forcing Switch to sell its business and technology to Preston's parent, which Switch alleged "impermissibl[y] broaden[ed] the physical scope of [the patent] with anticompetitive effect." *Raines*, 1997 U.S. Dist. LEXIS 13621, at *12-13.  Despite the detailed allegations, the Court dismissed the counterclaim and struck the defense of patent misuse because "neither the affirmative defense nor the counterclaim list[ed] any facts upon which the Court could conclude that the claims brought by the plaintiff were in fact brought in bad faith." *Id.* at *14.  In particular, the pleadings failed "to establish a factual basis for [the defendant's] allegation that plaintiffs brought this action knowing that the patent upon which they were suing was unenforceable as a matter of law." *Id.*

Unlike the defendants in *Advanced Cardiovascular* and *Raines*, the defendants in the two patent misuse cases on which Thermo principally relies (D.I. 46, Thermo Motion ¶¶ 13, 26) *did* plead facts which could establish enforcement with knowledge that the

patent is not infringed, invalid or unenforceable, and therefore are distinguishable.[1]  In

*McKesson*, the defendant pled that "[p]laintiff has committed patent misuse by attempting

to enforce a patent it should reasonably know is invalid and not infringed."  *McKesson*,

2005 WL 914776, at *2.  In *Cummins-Allison Corp. v. Glory Ltd.*, No. 02 C 7008, 2003

WL 22169756 (N.D. Ill. Sept. 18, 2003) (Ex. E), the Court found that the defendant's

pleadings contained allegations which could establish that the patentee "made allegations

of infringement by Glory without having a reasonable belief that there was in fact

infringement."  *Id.* at *2.

　　　Much like the defendants in *Advanced Cardiovascular* and *Raines* and unlike the

defendants in *McKesson* and *Cummins-Allison*, Thermo has not pled facts which if

proven true could establish bad faith because Thermo has not pled that AB/Sciex

enforced the '736 patent with knowledge that Thermo does not infringe.  Since Thermo's

proposed amendments do not plead facts which could establish all the elements of patent

misuse, they are futile.

### C.　The Parties' Disagreements about Claim Scope and Infringement Cannot Be the Basis for a Patent Misuse Defense

　　　It is not surprising that Thermo has not pled facts which could establish that

AB/Sciex enforced the '736 patent with knowledge that Thermo does not infringe.

Thermo could not have pled, and cannot plead, such facts because there simply is no

basis for doing so.  The '736 patent has already been adjudicated to be valid and

enforceable.  *See Applera Corp. v. Micromass UK Ltd.*, 204 F. Supp. 2d 724 (D. Del.

---

[1] The other patent misuse case on which Thermo relies, *U.S. Philips Corp. v. Int'l
Trade Comm'n*, ___ F.3d ___, No. 04-1361, 2005 U.S. App. LEXIS 20202 (Fed. Cir.
Sept. 21, 2005) (Ex. F) (D.I. 46, Thermo Motion ¶ 12), had to do with tying and is not on
point.

2002), *aff'd*, 60 F. App'x 800, 2003 U.S. App. LEXIS 6690 (Fed. Cir. March 11, 2003).

AB/Sciex believed in good faith when it filed this suit and continues to believe in good

faith that Thermo infringes. Thermo has no basis for alleging otherwise.

Thermo's motion and amended pleading demonstrate that Thermo disagrees with

AB/Sciex about the scope of the '736 patent and whether Thermo's mass spectrometer

products infringe. For instance, Thermo contends that during the reexamination

AB/Sciex disclaimed all "ion traps", including the "linear" ion traps used in the accused

Thermo LTQ mass spectrometers. (D.I. 46, Proposed Amendment ¶¶ 30-38.) In

contrast, AB/Sciex contends that at most it only disclaimed the prior art 3-D ion traps, not

the structurally different "linear" ion trap in the LTQ. (The "linear" ion trap in the LTQ

indisputably is a rod set, as recited in the claims of the '736 patent. The 3-D ion traps

that were the subject of arguments made during reexamination and in the prior litigation

are not rod sets.) Moreover, Thermo contends that the mass analyzer in the accused

Thermo LTQ mass spectrometer does not have a DC voltage between rods. (*Id.* ¶¶ 39-

43.) In contrast, AB/Sciex contends that the mass analyzer in the LTQ does have a DC

voltage between rods, and Thermo's manuals for the LTQ confirm that belief. Finally,

Thermo contends that the product of the pressure and the rod length in the ion guide of

the accused Thermo TSQ Quantum mass spectrometers is below the P x L product of the

prior art Smith reference distinguished during prosecution ($1.76 \times 10^{-2}$ torr·cm) and of the

Douglas experiment. (*Id.* ¶¶ 44-53.) In contrast, AB/Sciex contends that the P x L

product in the TSQ Quantum exceeds the claimed product of $2.25 \times 10^{-2}$ torr·cm. The

pressure reported in the manuals for the first instrument in the TSQ Quantum series

confirms that the P x L threshold is exceeded for at least that instrument.

In short, although Thermo apparently disagrees with AB/Sciex about the scope of the '736 patent, AB/Sciex has not taken any positions which are inconsistent with any statements during prosecution or rulings during the Micromass litigation. These disputes between the parties about claim scope and infringement are not surprising; indeed, they are typical of every patent case. Absent enforcement by AB/Sciex of the '736 patent with knowledge that Thermo does not infringe, however, such disputes cannot be the basis for a patent misuse defense. *See generally* 35 U.S.C. § 271(d)(3); *C.R. Bard*, 157 F.3d at 1373; *Glaverbel*, 45 F.3d at 1558; *Advanced Cardiovascular*, 1996 U.S. Dist. LEXIS 11702, at *8-9. To hold otherwise would lead to the absurd and legally unsupported result that every attempt to enforce a patent would give rise to a patent misuse defense. *Cf. C.R. Bard*, 157 F.3d at 1373 ("Although the law should not condone wrongful commercial activity, the body of misuse law and precedent need not be enlarged into an open-ended pitfall for patent-supported commerce.").[2]

## D.    Thermo's Patent Misuse Defense Is Legally Unsupported and Futile To the Extent That It Is Based Solely on AB/Sciex's Allegedly "Inconsistent" Statements about the Scope of the '736 Patent

The precise basis for Thermo's patent misuse defense is difficult to glean from Thermo's papers. Based on Thermo's arguments and the two cases on which Thermo principally relies (*McKesson* and *Cummins-Allison* (D.I. 46, Thermo Motion ¶¶ 13, 26)),

---

[2] Thermo's additional allegations that AB/Sciex's allegedly inconsistent statements about the scope of the '736 patent also have had an "anticompetitive effect" are specious. Thermo alleges that AB/Sciex's statements have "stifle[d] competition" by "creating the apprehension" that "any mass spectrometer is at risk of being sued for infringement" which allegedly has "prevent[ed] competitors from designing and selling mass spectrometers. . . ." (Proposed Amendment ¶ 30.) Thermo's conclusory and unsupported allegations are belied by the fact that Thermo continues to make and sell the mass spectrometers accused of infringement in this lawsuit.

however, AB/Sciex understands Thermo's theory to be that AB/Sciex committed patent misuse by enforcing the '736 patent with knowledge that Thermo does not infringe. As explained above, since Thermo has failed to plead facts which if proven true could establish such knowledge, Thermo's proposed amendment would be futile.

However, given that Thermo has not pled facts which could establish such knowledge, it may be that Thermo is actually contending that AB/Sciex has committed patent misuse by simply taking allegedly inconsistent positions about the scope of the '736 patent. Even assuming for the sake of argument that AB/Sciex had taken such inconsistent positions (which, as explained above, it has not), to the extent that Thermo's patent misuse defense is based on such a novel theory, its proposed amendment would still be futile because that theory is not legally supported and therefore does not state a recognized defense. Thermo has not cited any authority, and AB/Sciex has not found any, for the proposition that a patentee commits patent misuse by taking inconsistent positions regarding the scope of a patent. This absence of authority is not surprising. If taking inconsistent positions about patent scope could constitute patent misuse, the defense would arise whenever an accused infringer contended that it did not infringe because of statements made by the patentee in the patent specification or during prosecution, which is virtually every patent case.

In the absence of any authority to support Thermo's novel and unsound patent misuse theory based on prior statements by the patentee during prosecution or litigation, Thermo's proposed amendment would be futile and leave to amend should be denied.

III.    **Thermo's Proposed Amendments To Add Unclean Hands and Equitable Estoppel Defenses Are Also Futile**

    A.    **Thermo's Unclean Hands and Equitable Estoppel Defenses Are Based Entirely on Its Futile Patent Misuse Defense**

Finally, Thermo's proposed amendments adding an unclean hands defense and an equitable estoppel defense are also futile because they are based entirely on its futile patent misuse defense. Thermo has not pled any facts beyond those pled for its proposed patent misuse defense which would support its proposed unclean hands and equitable estoppel defenses. Since the proposed patent misuse defense is futile for the reasons set forth above, the proposed unclean hands and equitable estoppel defenses are also futile.

    B.    **Thermo's Equitable Estoppel Defense Is Also Futile Because Thermo Has Not Pled the Elements of That Defense**

Thermo's motion for leave to amend to add an equitable estoppel defense should also be denied for the additional reason that Thermo has not pled facts which if proven true could establish that defense.

The defense of equitable estoppel requires proof of three elements. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1046 (Fed. Cir. 1992). First, the accused infringer must prove that "the patentee, through misleading conduct, [led] the alleged infringer to reasonably infer that the patentee [did] not intend to enforce its patent against the alleged infringer." *Id.* at 1028. Second, the accused infringer must prove that it relied on that misleading conduct. *Id.* Finally, the accused infringer must prove that due to that reliance, it "will be materially prejudiced if the patentee is allowed to proceed with its claim." *Id.*

Thermo has not pled any facts which if proven true could establish these elements. For example, Thermo has not pled that it relied in any way on any misleading

conduct by AB/Sciex.  Moreover, Thermo has not pled that it was materially prejudiced by any such reliance.  This failure to plead facts which could establish the elements of equitable estoppel is an additional reason why Thermo's proposed equitable estoppel defense is futile.  Leave to amend to add an equitable estoppel defense should be denied.

*     *     *

## CONCLUSION

For the foregoing reasons, AB/Sciex respectfully requests that the Court deny with prejudice Thermo's motion for leave to amend to its pleadings to add a defense and counterclaim of unenforceability for patent misuse and defenses of unclean hands and equitable estoppel.

Dated: October 24, 2005

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6672

*Attorneys for Plaintiffs Applera Corp., MDS, Inc.,
and Applied Biosystems/MDS Sciex Instruments*

Of Counsel:

Walter E. Hanley, Jr.
James Galbraith
Lewis V. Popovski
Jeffrey S. Ginsberg
Mark A. Chapman
Huiya Wu
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire hereby certify that on October 24, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Frederick L. Cottrell, III, Esquire
Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, Delaware 19801

I further certify that on October 24, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS AND ELECTRONIC MAIL

Wayne L. Stoner, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
wayne.stoner@wilmerhale.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Karen E. Keller  (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Plaintiffs Applera Corporation,
 MDS Inc., and Applied Biosystems/MDS Sciex
 Instruments