# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERMO FINNIGAN LLC,<br><br>    Plaintiff and<br>    Counter-Defendant,<br><br>v.<br><br>APPLERA CORPORATION, MDS INC.,<br>and APPLIED BIOSYSTEMS/MDS SCIEX<br>INSTRUMENTS<br><br>    Defendants and<br>    Counter-Plaintiffs. | Civil Action No. 05-110-GMS |

## AB/SCIEX'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES 14 AND 15 OF THERMO FINNIGAN LLC'S FIRST SET OF INTERROGATORIES (Nos. 1-28)

### [Tang Patent]

Pursuant to Federal Rule of Civil Procedure 33, defendants Applera Corporation, MDS Inc., and Applied Biosystems/MDS Sciex Instruments (collectively, "AB/Sciex") hereby supplement AB/Sciex's Responses to Interrogatories Nos. 14 and 15 of plaintiff Thermo Finnigan LLC's ("Thermo Finnigan") First Set of Interrogatories (Nos. 1-28) as follows.

These responses are based upon information presently available to and located by AB/Sciex. AB/Sciex have only recently initiated discovery in this action, and have not begun preparation for trial. These responses are given without prejudice to revision or supplementation of these responses if further discovery or investigation so indicates. AB/Sciex's responses shall not be deemed to constitute admissions that any statement or characterization is complete. To the extent that the information sought in these interrogatories includes confidential, trade secret

or proprietary information of AB/Sciex that is otherwise discoverable, AB/Sciex will provide such information only after a protective order has been entered by the Court.

## GENERAL OBJECTIONS

AB/Sciex incorporate the General Objections set forth in their Response to Thermo Finnigan's First Set of Interrogatories (Nos. 1-28) as if fully set forth herein.

## SPECIFIC OBJECTIONS AND RESPONSE

### Interrogatory No. 14

Please identify all prior art relevant, or potentially relevant, to the validity of the Patent-in-Suit.

### Response to Interrogatory No. 14

AB/Sciex object to this interrogatory as overly broad, unduly burdensome, and seeking information which is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks "all" "relevant" or "potentially relevant" prior art.

AB/Sciex further object to this interrogatory as premature as discovery is just beginning in this case; the Court has not ruled on the proper construction and scope of the claims. AB/Sciex may not have an understanding of the entire scope of the relevant prior art until such time as the Court so rules.

AB/Sciex also object to this interrogatory to the extent it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.

Subject to, and without waiver of, AB/Sciex's General Objections and the foregoing specific objections, AB/Sciex identify the prior art identified during the prosecution of the Patent-in-Suit as well as the prior art identified during the re-issue proceeding in the United

States Patent and Trademark Office which has been applied for by Thermo Finnigan. Further, AB/Sciex will produce, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, those references, acts and events that constitute relevant prior art that AB/Sciex may rely on to show the invalidity of the claims of the Patent-in-Suit, in addition to the prior art identified above.

AB/Sciex further state that AB/Sciex's investigation of the prior art is ongoing and AB/Sciex will supplement AB/Sciex's response at an appropriate time after further investigation as well as receipt of discovery from Thermo Finnigan.

### Supplemental Response to Interrogatory No. 14

Subject to, and without waiver of AB/Sciex's General Objections, the specific objections stated in their response, and their right to amend and further supplement this response, AB/Sciex, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, state that in addition to the foregoing, AB/Sciex identify the following prior art references:

| | |
|---|---|
| **Lazar** | J. M. LAZAR et al., "Design of a Time-of-Flight Mass Spectrometer as a Detector for Capillary Electrophoresis," *Analytical Chemistry*, 1997, vol. 69, no. 16, pp. 3205-3211. |
| **Smith** | R. D. SMITH et al., "Collisonal Activation and Collision-Activated Dissociation of Large Multiply Charged Polypetides and Proteins Produced by Electrospray Ionization," *J. Am. Soc. Mass Spectrom.*, 1990, vol. 1, pp. 53-65. |
| **Hager** | U.S. Patent No. 6,015,972 (J. W. Hager). |
| **Buchanan** | M. V. BUCHANAN et al., "Continuous Octapole Electrospray Introduction System for FTICR," 46th *ASMS Conference on Mass Spectrometry and Allied Topics*, May 31- June 4, 1998, p. 518. |
| **Thomson** | B. THOMSON, "Protein Charge Distribution Studies – From Droplet in Air to Ion in Vacuum," 44th *ASMS Conference on Mass Spectrometry and Allied Topics*, May 12-16, 1996, p. 1092. |
| **Kambara** | H. KAMBARA et al, "Collision-Induced Dissociation of Water Cluster Ions at High Pressure," *Int'l J. Mass Spectrom. and Ion Physics*, 1977, vol. 25, pp. 129-136. |

**Chowdhury**  U.S. Patent No. 4,977,320 (S. K. Chowdhury et al.)

**Klientop**  B. L. KLEINTOP et al., "Analyzing Thermally Labile Compounds in Electrospray Sources Using Heated Capillaries," *43rd ASMS Conference on Mass Spectrometry and Allied Topics*, May 21-26, 1995, p. 905.

**Kato**  U.S. Patent No. 5,298,743 (Y. Kato)

**Tomany**  U.S. Patent No. 5,304,798 (M. J. Tomany et al.)

**Beu**  S. C. BEU et al., "Fourier-Transform Electrospray Instrumentation for Tandem High-Resolution Mass Spectrometry of Large Molecules," *J. Am. Soc. Mass Spectrom.*, 1993, vol. 4, pp. 557-565.

**Jarvis**  S. A. JARVIS et al., "A New Atmospheric Pressure Ionization Orthogonal Acceleration Time of Flight Mass Spectrometer," *45th ASMS Conference on Mass Spectrometry and Allied Topics*, June 1-5, 1997, p. 1193.

**Cole**  A. P. BRUINS, "ESI Source Design and Dynamic Range Considerations," in *Electrospray Ionization Mass Spectrometry – Fundamentals, Instrumentation, and Applications*, (R. B. COLE ed., John Wiley & Sons, Inc., 1997), chp. 3, pp. 107-136.

## Interrogatory No. 15

For each piece of prior art identified in response to Interrogatory No. 14, please provide an element-by-element claim chart identifying specifically where each such piece of prior art discloses each element of the claims of the Patent-in-Suit.

## Response to Interrogatory No. 15

AB/Sciex object to this interrogatory as overly broad, unduly burdensome, and seeking information which is neither relevant to the claim or defense of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it encompasses "all" "relevant" or "potentially relevant" prior art, and to the extent it seeks information on "each" prior art.

AB/Sciex object to this interrogatory as vague to the extent it can be construed to seek information about prior art which "discloses each element of the claims of the patent in suit."

4

DATED: August 19, 2005

As to objections:

*Karen E. Keller* (signature)

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6672

Walter E. Hanley, Jr.
James Galbraith
Lewis V. Popovski
Jeffrey S. Ginsburg
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

*Attorneys for Defendants and Counter-Plaintiffs Applera Corporation, MDS Inc., and Applied Biosystems/MDS Sciex Instruments*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire hereby certify that on August 19, I caused to be served a true and correct copy of the foregoing document to the following counsel of record:

**BY HAND DELIVERY**

>Frederick L. Cottrell, III, Esquire
>Steve Fineman, Esquire
>RICHARDS, LAYTON & FINGER
>One Rodney Square
>Wilmington, Delaware 19801

**BY FEDERAL EXPRESS**

>Wayne L. Stoner, Esquire
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA 02109

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Karen E. Keller_
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Defendants and Counterclaim-Plaintiffs.