IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLERA CORPORATION, MDS INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THERMO ELECTRON CORPORATION,<br><br>　　　　　Defendant. | Civil Action No. 04-1230 (GMS) |
| THERMO FINNIGAN LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLERA CORPORATION, MDS INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS,<br><br>　　　　　Defendants. | Civil Action No. 05-110 (GMS) |

## ORDER

1. On September 7, 2004, Applera Corporation, MDS Inc., and Applied Biosystems/MDS Sciex Instruments (collectively, "AB/Sciex") filed Civil Action No. 04-1230 against Thermo Electron Corporation ("Thermo Electron"), alleging infringement of U.S. Patent No. 4,963,736 (the "'736 patent"). On February 23, 2005, Thermo Finnigan LLC ("Thermo"), a subsidiary corporation of Thermo Electron, filed the above-captioned countersuit, Civil Action No. 05-110, against AB/Sciex, alleging infringement of U.S. Patent No. 6,528,784 (the "'784 patent"). On April 27, 2005, the court consolidated the 04-1230 action with the

   05-110 action to streamline the discovery process and prevent duplicative litigation. Presently before the court, is AB/Sciex's motion to stay the 05-110 action pending reexamination of the '784 patent by the Patent and Trademark Office (the "PTO").[1] The present motion arises out of the parties' correspondence with the PTO following the filing of the 05-110 lawsuit.

2.  On March 4, 2005, Thermo filed a request with the PTO for a broadening reissue of the '784 patent. On July 29, 2005, AB/Sciex filed a protest with the PTO regarding the reissue filing. Subsequently, on September 16, 2005, AB/Sciex filed a Request for Reexamination of the '784 patent with the PTO. On November 4, 2005, the PTO granted AB/Sciex's request. On November 18, 2005, AB/Sciex filed the present motion to stay the litigation of the '784 patent pending the outcome of the reexamination procedure.

3.  AB/Sciex contends that a stay is appropriate because it would avoid a waste of the court's and the parties' resources. (D.I. 43, at 2.) According to AB/Sciex, waiting until the patent emerges from reexamination would focus the case for the following reasons: (1) the court will not need to revisit claim construction of the '784 patent to take into consideration the new intrinsic record created during the reexamination; (2) if the patent is declared invalid, the suit will, in all likelihood, be dismissed; (3) the outcome of reexamination may encourage settlement; (4) the reexamination record may focus the litigation and reduce the trial issues; and (5) the cost to the parties and court will most likely be reduced. (*Id.* at 3.) AB/Sciex further contends that allowing the case to proceed to trial without the

---

[1] For convenience, and because AB/Sciex's motion requests a stay of the 05-110 case, the court will cite to case documents using the D.I. number from the 05-110 case.

|   |   |
|---|---|
|   | reexamination record would create a substantial risk of inconsistent rulings or the issuance of an advisory opinion if the PTO concludes that the patent is invalid. (*Id.*) Lastly, AB/Sciex contends that it is not attempting to gain a tactical advantage, and that a stay would not unduly prejudice Thermo. |
| 4. | Conversely, Thermo maintains that AB/Sciex's motion is merely a litigation tactic crafted by AB/Sciex to cause delay. (D.I. 56, at 1.) Thermo further asserts that granting the stay would be inefficient in that it would "undo the very efficiencies the court created by consolidati[ng the two cases]." (*Id.*) Additionally, Thermo asserts that it will be prejudiced if the court stays the case because it will be "delay[ed] in its ability to stop AB/Sciex's infringement." (*Id.* at 12.) Finally, Thermo asserts that if AB/Sciex "were sincere in its assertion that a stay is not prejudicial to the patentholder, it would offer to stay its claim on the '736 patent until the reexamination of the '784 patent is over, so that the parties and the [c]ourt can continue to benefit from the efficiencies of consolidation." (*Id.*) |
| 5. | After having considered the parties submissions on the issue (D.I. 42, 43, 56, 64), the court concludes that staying both cases best serves the interests of justice, and is the most efficient approach to the consolidated schedule that the court has envisioned for the litigation. The decision to stay a case is firmly within the discretion of the court. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). In determining whether a stay is appropriate, the court's discretion is guided by the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3 Comm Corp.*, |

3

    69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (citing cases); *cf. United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (stating a similar test).

6. In the present case, Thermo asserts that a stay will prejudice it in that it will be unable to enforce its patent. The court is not persuaded. First, Thermo's position assumes that the PTO will leave the claims of the '784 patent unaltered after reexamination. Further, while Thermo may suffer some prejudice from a stay, the court is not persuaded that a stay would *unduly* prejudice Thermo, or present a clear tactical disadvantage. On the other hand, granting the stay will simplify the issues and focus the litigation. For example, if the PTO determines that some or all of the claims of the '784 patent are invalid, then many of the issues in the litigation would become moot. A stay, therefore, will conserve the resources of the parties and the court, thereby promoting efficiency. Moreover, the court would not run the risk of inconsistent rulings or issuing advisory opinions. *See Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001).

7. Additionally, due to the consolidated nature of the instant cases, as well as the legal and factual overlap of issues, and technology disclosed in the '736 and '784 patents, the court believes that the most efficient and practical way to proceed with the litigation is to stay both cases until the '784 patent reexamination ends.

8. Lastly, fact discovery is not scheduled to close until March 17, 2006 and, although already set, the trial of these matters is not scheduled to take place until December 4, 2006. Thus, the court concludes that the balance of harms weighs in favor of granting the stay for both cases.

Therefore, IT IS HEREBY ORDERED that:

1. AB/Sciex's Motion to Stay This Action Pending Reexamination of the Patent in Suit (D.I. 42) is GRANTED.

2. Thermo's request to stay the 04-1230 litigation pending reexamination of the '784 patent (D.I. 56) is GRANTED.

3. The parties shall notify the court when the PTO issues its reexamination decision.

Dated: December 28, 2005                /s/ Gregory M. Sleet
                                        UNITED STATES DISTRICT JUDGE