IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLERA CORPORATION, MDS INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THERMO ELECTRON CORPORATION,<br><br>　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 04-1230 (GMS) |
| THERMO FINNIGAN LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLERA CORPORATION, MDS INC., and APPLIED BIOSYSTEMS/MDS SCIEX INSTRUMENTS,<br><br>　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-110 (GMS) |

## ORDER

WHEREAS, on April 27, 2005, the court acceded to the parties' recommendation to consolidate the 04-1230 and 05-110 actions for all purposes, including trial;[1]

WHEREAS, on November 18, 2005, Applera Corporation, MDS Inc., and Applied Biosystems/MDS Sciex Instruments (collectively, "AB/Sciex") filed a motion to stay the 05-110

---

[1] *See* Transcript of Scheduling Conference, dated April 27, 2005, at 17, 29 (Civ. A. No. 04-1505 D.I. 18) (discussing consolidated schedule and joint trial of the 04-1230 and 05-110 actions).

action, pending the outcome of the Patent and Trademark Office's reexamination of the patent in suit;

WHEREAS, on December 28, 2005, the court issued an Order (D.I. 65)[2] granting AB/Sciex's request;

WHEREAS, the Order also concluded that staying the 04-1230 case until after the 05-110 patent in suit emerged from reexamination would "best serve[] the interests of justice, and is the most efficient approach to the consolidated schedule that the court has envisioned for the litigation"[3];

WHEREAS, on January 12, 2006, AB/Sciex filed a Motion for Reargument (D.I. 66), asking the court to reconsider its December 28, 2005 Order;

WHEREAS, a motion for reconsideration should be granted only "sparingly"[4];

WHEREAS, in this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension[5];

WHEREAS, even if the court has committed one of these errors, there is no need to grant a

---

[2] For convenience, and because AB/Sciex's motion originally requested a stay of the 05-110 case, the court will cite to case documents using the D.I. number from the 05-110 case.

[3] D.I. 65, at 3.

[4] *Tristrata Tech. Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004); *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991).

[5] *See, e.g., Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (citing *Above the Belt, Inc. v. Mel Bonhannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)); *see also Karr*, 768 F. Supp. at 1090 (citing same).

motion for reconsideration if it would not alter the court's initial decision[6]; and

WHEREAS, the court concludes that granting AB/Sciex's motion would not alter its initial decision;

IT IS HEREBY ORDERED that:

1. AB/Sciex's Motion for Reargument (D.I. 66) is DENIED.

Dated: March 9, 2006

UNITED STATES DISTRICT JUDGE



---

[6] *See Pirelli Cable Corp. v. Ciena Corp.*, 988 F. Supp. 424, 455 (D. Del. 1998).

3